The next case is number 22-1034, Guaetta & Benson, LLC v. Michael M. McArdle. At this time, Mr. McArdle, please come up to the podium and introduce yourself on the record to begin. Good morning, Your Honors. Attorney Luke McArdle, if it may please the Court. As you know, we're here on an appeal of the denial of a motion for relief from a sanction order that was entered severally and jointly against the plaintiff and Attorney McArdle. Attorney McArdle is the objector appellant in this case. I believe the chronology of events in the procedural history are the most important aspects of this case to understand. Counsel, there may be one dispositive fact. Your brother has represented to the District Court that your client, Michael McArdle, filed an amended complaint in federal court after the case was removed. I went searching in the record. I did find an amended complaint, but Mr. McArdle was not listed as counsel on that. Instead, there was another lawyer who entered his appearance, and Mr. McArdle shortly thereafter withdrew. Is my encounter with the record accurate? That's accurate. That's the crux of the issue here. The fact that the only pleading that has ever been signed by Attorney McArdle was a state court pleading. The law is clear. The Robinson case that I've submitted and thoroughly believe within the submission to this court shows that a state court filing cannot be the subject of a federal sanctions order. Counsel, if I may, your client did, in fact, agree to a few things once the case was in federal court. He agreed to defense counsel's request for extension of time. Is that correct? I believe that is accurate, yes. Okay, and those are the only filings that were made in Mr. McArdle's name? Sorry, it wasn't within a filing. I think it was just via email correspondence or some off-record correspondence that he assented to because at that point he was still the record of attorney, in name at least. But I think the facts are clear. The misrepresentation regarding the double down of saying that Attorney McArdle signed and filed the amended complaint, which was the operative document, was a complete misrepresentation that the court... Counsel, okay, we'll take that as a given. But your client didn't show up for the hearing, although we're told he had actual notice of it. And so he wasn't there to correct the misrepresentation. And so Judge Young, I believe, was the district judge, relied on it. Did he have notice? Notice is a bit of a stretch to say that he had notice. The motion was filed for sanctions in November of 2017. The first notice that he ever received was from the plaintiff in November of 2020, over three years later, on just an email that said, aren't you going to address this or respond to this? Because he was no longer part of the ECF filing system. He wasn't getting any correspondence whatsoever. Immediately upon that notice of this motion even being lobbied against Attorney McArdle some three years earlier, my firm, myself individually, contacted Gordon Benson that day, phone calls, emails, outlining what is going on, why is there a motion for sanctions against Attorney McArdle. He withdrew from this case. He's never been part of this federal proceeding. And within the first correspondence, I stated, if you intend to further pursue Attorney McArdle, please give me notice that you intend to further pursue him and give me an opportunity to respond. Never got noted. Let me backtrack. Right after that, I got a phone call from Gordon Benson through their attorneys, and they had obviously conferred with their clients, and they told me that if Mike, Attorney McArdle, was willing to file a Chapter 183 type affidavit within the Registry of Deeds, that would just offset, because Attorney Sriantos, the plaintiff, had recorded the complaint on the record, on the title. So they wanted that to be rectified, and that's all they asked to be done. I agreed immediately. I was like, that's fair. We'll take care of that. I followed up several times with emails. No response. The hearing wasn't for a year after that. Did you get notice of the actual court date? No. We had no notice of the hearing. No notice of the hearing. Let me ask, to clarify, no notice, an order by Judge Young or certified to your brother or anything, that was never received? No. The only notice that we received that this order was entered was from a notice from the BBO when Gordon Benson filed a claim against Attorney Sriantos, and the BBO wanted to get some type of information from us because Mike, Attorney McArdle, was part of the case initially. So I think it was November or December of 2021 was the first notice that an order had even entered, or that there was a hearing that even involved Attorney McArdle regarding this case whatsoever. But from the record, from the docket of the case, that order, whenever it may have been issued, the show calls or whatever, it was not served on your brother, right, on Attorney McArdle? No, that's correct. And let me ask you another question out of curiosity. Is your brother, and I say Attorney McArdle because you've got the same name, is he admitted to the U.S. District Court for the District of Massachusetts or he's not admitted? Yes, I believe he's admitted. Okay. Okay, let me just follow up. So you did have notice that they filed the motion for sanctions because they told you they had. Did they send you that motion? Did they send you a copy of the motion for sanctions? Never was a copy provided. And they did not provide notice. The plaintiff who Attorney McArdle was originally representing was the only one who provided him notice in just an e-mail at some point, I think November of 2020. There was never direct notice, e-mail correspondence from the defendants, the moving party on the motion for sanctions. No, no, no. I'm sorry. The question was did you ever get a copy of the motion? Yes, just by logging into the court system and printing it off for myself, yes. Okay, but no party to the case gave you a copy of the motion. You just went in and you found it after you were given notice that such a motion had been filed. That's correct. That's correct. Okay, thank you. I just wanted to also point to a case that came down from the United States. What did you offer the trial judge once you realized that the sanction order was in place? We filed the motion for relief from the sanctions order. With an affidavit? Correct. I would think it was a verified motion for relief, yes. And the court did not schedule a hearing? The court denied it without hearing or findings. It seemed very odd. I don't know if it was taken seriously or not. I can't speculate. But it seemed odd that it wasn't considered seemingly at all. And that's why we find ourselves here. I also want to just note there's a case that came down to the United States Supreme Court in June of this year following submission of these briefs. Kemp v. U.S. and it's 142 Supreme Court, 1856. And it actually extends the defining characteristics of the 60B1 regarding mistake and excusable neglect. And that was recognizing an extended mistake to factual and legal errors made by a court. And that goes within the excusable neglect standard, which encompasses the entirety of mistake and advertence. So I think it's pretty clear under whether it's 60B4 regarding jurisdiction not getting notice, subject matter over state court submission, or 60B1 regarding mistake, excusable neglect, that the facts within this case, this is the case that the 60B relief was made for, in my opinion. And I'll rest on that unless Your Honors have any other questions. Thank you. Thank you. Thank you. At this time, would Attorney Gallant please come to the podium and introduce himself on the record to begin. Good morning, Your Honors. John Gallant representing Gaeta and Benson LLC, Audrey Benson, Peter Gaeta, and Sarah Fitzpatrick, the principals of Gaeta and Benson. I'll refer to them as the Gaeta and Benson defendants in this matter. I want to correct the record that was just given to the court in terms of this case and notice of this pleading. This pleading, Mr. McArdle was counsel of record in the state court. He was counsel of record in the federal court. He did sign multiple pleadings once it was removed to federal court. There are several extensions on the docket signed by Mr. McArdle, agreed to by Mr. McArdle. He did prosecute this case once it was removed. No, no, no, no, no, no, no. You represented to Judge Young that he had filed an amended complaint. Was that accurate? No, Your Honor, we didn't represent that he filed an amended complaint. We represented to the court that he was of counsel at the time the amended complaint was filed, which is accurate. He was of counsel. He did not sign the amended complaint. Exactly, Your Honor. He did not sign the amended complaint. He had only signed the state court complaint, which got removed to federal court. And as soon as the amended complaint was filed, he filed a motion to withdraw. He filed a motion to withdraw subsequent to the filing of the amended complaint. That's correct. Rule 11 talks about signing of pleadings. He did not sign that pleading. He did not sign that pleading, however. Technically, under your argument, if you have, say, a 50-attorney law firm and only one of the attorneys signs a plea, but all the partners and everybody consults, technically everybody could be sanctioned. And, again, Rule 11 talks about signature. So doesn't that do away with the sanction at least for – ? No, it doesn't because this circuit, the law that this circuit's recognized in Robinson and in the MUFAG case that I discovered actually last night, 838 Federal Seconds, 600, 1988 case, is that the signing of any pleading, the state court proceeding which was flawed, which was frivolous, which was not advanced in good faith, and the complaint that he originally filed and recorded in the Registry of Deeds was present when it was removed. Prior to the filing of the amended complaint, Attorney McConnell did prosecute the case. He was not responsible for the removal. He was not responsible for the removal. I'm sorry, Judge. Some distinctions. Are you arguing that the filing of the complaint that he signed in federal, in state court, once removed, was sufficient to permit the federal court to impose Rule 11 sanctions? No, not by itself. I think several circuits have actually followed that rule. I can agree with you on that. Yeah. Okay. He has to have done something under the amendment to Rule 11 to pursue the claim in federal court, and what precisely did he do? He signed the test of Rule 11. After the case was removed, the case was in federal court, and prior to his withdrawal he signed several pleadings with the federal court, several extensions of time. Okay. You consider an extension of time which you saw to be a pleading invoking Rule 11? Yes, Your Honor. The Robinson case and the Mufad case that I just cited to you actually addresses it. The signing of any pleading in federal court once the case is removed brings the state court complaint and the allegations in there and the frivolous nature of that into plan to Rule 11 sanctions. But he has not signed that document in federal court. It was a preexisting document. Yes, but once he prosecutes, once he moves forward on that case in any fashion in the Robinson case he merely signed an interrogatory proposed and the court found that was enough to Rule 11 sanctions regarding the examination of the state court complaint. But in this instance your client was seeking the extension. It wasn't just my client. The bank who removed the case also sought a similar extension, and Attorney McArdle signed that as well. But McArdle wasn't seeking an extension. He was giving a professional courtesy to you by agreeing to an extension that favored you. No, McArdle actually's response when we asked for the extension was that he needed an extension as well because there was going to be a minute complaint filed. Attorney McArdle was aware there was a minute complaint filed. We assumed at the time that he was going to file it. We did not know until it was filed that there was another counsel who signed the pleading. But he was aware of it. Counsel, earlier you suggested that the failure to withdraw the appearance before the filing of the amended complaint was an adequate basis to impose the Rule 11 sanctions. Is that your argument? No, my argument is not that the complaint once removed gives subject him to Rule 11 sanctions. My argument is that once—well, first of all, he was aware and made aware with actual— Counsel, please. Your argument is that he was pursuing prosecuting the case because he signed filings which agreed to extensions of time by your client and the affiliated bank. And other banks, yes. Is that it? Yes, he signed several pleadings with the court. I believe they were both extensions of time. I have to check the docket. Well, that's all I found. All right, now let's go back to the notice issue. Yes. Under Rule 11, you are to effectuate notice as provided, I believe, by Rule 4. Are you saying that was done here? My office and Getter and Benson defendants did not provide notice to Mr. McArdle. The motion for attorneys' fees and costs was filed originally in 2017. Mr. McArdle had withdrawn May 31, 2017 as counsel. He wasn't provided electronic notice per the docket according to counsel. However, he was provided actual notice of the motion by his party, by his client, Mr. Triantos. In the record on page 152 is an acknowledgment by counsel that they've received a full copy of the motion. I wanted to know if you provided notice as required by Rule 4. I did not provide notice to Mr. McArdle of the filing of the motion that was filed of our motion for sanctions and costs. He received actual notice from his client. His client sent him a copy of the motion when it was filed, and there's an e-mail from him acknowledging that he received the motion nine months before the hearing was conducted. That is on page 152 of the appendix where he acknowledged that he received it. Let me also ask, because I believe Rule 11, and if not local rules, I'm almost sure Massachusetts, because I know in my district, before you file any Rule 11 motion, you have to send a letter to the attorney and say we're proposing to file a Rule 11 motion, but we give you an opportunity to withdraw. I don't think that is in the record that that was done to Attorney McArdle. It is. It was. It was done. In the record on February 7, 2017, we sent him a notice required by Rule 11 saying to dismiss his complaint or else we were going to file Rule 11 sanctions. That was in state court. It was at the time of the state court filing, yes. But the notice was given regarding that pleading. After the removal, was any such letter, the equivalent of that letter, filed at the federal court? No, other than the motion itself, which was filed four years before the hearing in 2017. That was filed, but no subsequent notice went out to him after that. So this case also raises the issue of whether once the federal rules apply and not the state rules, you also have to send a notice under Rule 11, as Judge Helvey just suggested. And you did not do that. Okay, we believe that the law in this circuit is that you have to send the notice of Rule 11 sanctions. The notice that we did send, at the time of the state court filing, cites Rule 11 and the state court rules saying that if he doesn't dismiss the complaints against my client, he will be sanctioned. If Rule 11 is not authority for sanctioning someone for what they did in state court and you have agreed with us that it is not, then I don't see how a state court notice satisfies Rule 11. I understand the court's position regarding that. Our position is that the notice we sent does comply. I haven't reviewed any case that requires that once the case is removed, you have to send a subsequent notice prior to filing a motion for sanctions. Let me also ask a question. Assuming we agree with Mr. McArdle and he's not sanctioned under Rule 11, the sanctions still remain as to his former client. Yes. And you're able to collect the $10,000 from that client anyway. So ultimately, whether McArdle pays half or whatever portion or the client pays everything, you're not prejudiced. Your client's going to be getting the sanction amount. I don't know if I'll be prejudiced. I know that the sanction amount, as ordered by the judge, was joint and several. I think that's the answer to your question. It does apply to Mr. Triantos as well as Attorney McArdle. Okay. Thank you. I believe my time is up. Thank you. Thank you. That concludes arguments in this case.